Estate of Nathan Faller, Deceased, Rebecca Faller, Administratrix v. Commissioner. Morris Heyer v. Commissioner.
Estate of Faller v. Commissioner
Docket Nos. 41676, 52193.
United States Tax Court
T.C. Memo 1955-193; 1955 Tax Ct. Memo LEXIS 145; 14 T.C.M. (CCH) 775; T.C.M. (RIA) 55193; July 12, 1955
Edward Baumgarten, Esq., 60 Park Place, Newark, N.J., for the petitioners. John J. O'Toole, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: Respondent determined the following deficiencies: Amounts
Penalty (Section
Docket No.
Petitioner
Year
Tax
293(b) I.R.C. 1939)
41676
Nathan Faller Est.
1944
$1,719.11
$ 859.56
41676
Nathan Faller Est.
1945
5,209.89
2,604.95
41676
Nathan Faller Est.
1946
4,227.71
2,113.86
41676
Nathan Faller Est.
1947
1,259.95
52193
Morris Heyer
1944
1,739.71
869.86
52193
Morris Heyer
1945
5,109.89
2,554.95
52193
Morris Heyer
1946
4,227.71
2,113.86
52193
Morris Heyer
1947
1,287.99
*146 The issues for decision are whether respondent correctly determined the deficiencies, whether any parts of the deficiencies for the three earliest years are due to fraud with intent to evade tax, and whether the assessment and collection of taxes for the year 1946 are barred by the statute of limitations. [Findings of Fact] Some of the facts are stipulated. The stipulated facts are so found and the stipulation is included herein by reference. In docket 41676 the returns for the periods involved were filed with the collector of internal revenue for the first district of New York, with the exception of the return for 1945 which was filed in the second district of New York. In docket 52193 the returns were filed in the first district of New York. Morris Heyer and Nathan Faller, since deceased, during 1944, 1945, and 1946 were the sole stockholders of Ell-Bern Trucking Corporation of New York City. Each owned a half interest. The corporation was engaged in the trucking business, handling freight principally for wholesale and produce dealers in New York. They were the sole officers and directors of the corporation. Corporate returns for Ell-Bern Trucking Corporation covering *147 the taxable years ended November 30, 1944 and November 30, 1945 were not filed on time. On February 5, 1946, a letter was sent to the corporation by the then collector of internal revenue, requesting information with respect to the 1944 return. On March 26, 1946, the corporation replied that none had been filed. Forms 1120 for the years ended November 30, 1944 and November 30, 1945 were filed by the corporation on July 9, 1946. With respect to the fiscal year ended November 30, 1944, Ell-Bern Trucking Corporation understated its gross income in the amount of $18,607.67. This amount represented the total by which the corporate books failed to reflect receipts. Such failure occurred in the following manner: The corporation maintained three books of original entry - a charge book, a cash book, and a general journal. At the close of each week invoices summarizing the daily charges were sent to customers. The totals which appeared on these invoices were entered in the charge book and at the end of each month these totals were added and the resultant total was posted to the general ledger by crediting the income account and debiting the accounts receivable. When payment was received from *148 a customer the charge book was marked paid. If the check was deposited it would then be posted in the cash receipts book and entered in the general ledger as a credit to accounts receivable. When the check was cashed but not deposited, the charge book was marked paid but no other entry was made in either the cash book or the general ledger. For the fiscal year ended November 30, 1944, the following explanation appeared in the general journal: "Allowance on accounts receivable $18,606.87 accounts receivable 18,606.87 (to show balance due from customers as of 11/30/44)." With respect to the fiscal year ended November 30, 1945, Ell-Bern Trucking Corporation understated its taxable income in the amount of $27,810.52. This amount is based upon an understatement of gross receipts and represented the total by which the corporate books failed to reflect receipts. Such failure occurred in the same manner as is described in the paragraph next above. For the fiscal year ended November 30, 1945, the following explanation appeared in the general journal: "Allowance on accounts receivable $27,810.52 accounts receivable 27,810.52 (to show balance due from customers as of 11/30/45)." With *149 respect to the fiscal year ended November 30, 1946, Ell-Bern Trucking Corporation understated its gross income in the amount of $27,611.03. This amount represented the total by which the corporate books failed to reflect receipts. This understatement of gross income was effected by erroneous entries in the corporate charge book and related parts of the general journal, whereby the amounts received from the corporation's chief customers, Senter Bros. and Jack Esformes, were understated in the respective amounts of $12,100 and $15,511.03. For this fiscal year the adjusting and closing journal entries were never entered in the corporate books. A statutory notice of deficiency was issued to Ell-Bern Trucking Corporation for the fiscal years ended November 30, 1944, 1945, and 1946, on December 18, 1953, but no petition was filed therefrom to The Tax Court. Such deficiency notice was based upon the additional amounts of gross income set forth above. On February 17, 1953, an indictment was returned in the United States District Court for the Southern District of New York, charging Morris Heyer with having wilfully attempted to evade and defeat the taxes of Ell-Bern Trucking Corporation *150 for the fiscal year ended November 30, 1946. On March 5, 1953, Morris Heyer entered a plea of guilty to the indictment. On February 26, 1953, in the United States District Court for the Eastern District of New York, Morris Heyer waived indictment and an information was filed against him charging that he individually attempted to evade and defeat his income tax for the year 1946. On the same day, Morris Heyer entered a plea of guilty. With respect to the taxable year 1947, Morris Heyer signed valid waivers under section 276(b) of the Internal Revenue Code of 1939, which served to extend the three-year statute of limitations to a date subsequent to the date upon which the statutory notice in this case was issued. In each of the respective calendar years 1944, 1945, and 1946, the amounts of $12,788.31, $36,086.14, and $9,622.65 were diverted by the stockholders, Heyer and Faller, through the device of cashing customers' checks paid by Senter Bros. and Jack Esformes for services rendered. These amounts constituted dividend and capital gain income to the two stockholders for the taxable years in issue. During the taxable year 1946, the two stockholders, Heyer and Faller, received *151 loans from Ell-Bern Trucking Corporation in the respective amounts of $8,000 and $8,650. Such loans were never repaid and were written off the corporate records at the close of the fiscal year ended November 30, 1946. The amounts of these loans constituted dividend and capital gain income to the stockholders, Heyer and Faller, for their taxable year 1946. The stockholders, Heyer and Faller, caused a diversion of corporate income by instructing their employee to cash customers' checks and pay them the cash while at the same time not crediting the receipt of such funds to the accounts receivable account; and, further, by instructing such employee to rewrite the corporate records for the fiscal year 1946 in such a manner as to understate receipts. The stockholders, Heyer and Faller, retained the diverted corporate receipts for their own uses. Part of the proceeds of the checks were deposited in Morris Heyer's personal account. The stockholders, Heyer and Faller, who were the officers of Ell-Bern Trucking Corporation, failed to file timely corporate tax returns for the corporation with respect to the fiscal years 1944 and 1945. The petitioner Morris Heyer's true gross income for *152 the taxable year 1946 was at least $17,712.69 and he omitted from gross income the sum of $12,727.69, a sum which is in excess of 25 per centum of his reported gross income. The deceased Faller's true gross income for the taxable year 1946 was at least $17,212.69 and he omitted from gross income the sum of $12,727.69, a sum which is in excess of 25 per centum of his reported gross income. The taxpayers, Heyer and Faller, had additional unreported income during the taxable years 1944, 1945, and 1946, from salaries, as follows: Year
Heyer
Faller
1944
$170.40
$108.00
1945
343.20
343.20
1946
316.50
316.50
The taxpayers, Morris Heyer and Nathan Faller, failed to include in their income tax returns for their taxable years 1944, 1945, and 1946, amounts of income received by them as dividends and capital gains and part of the deficiencies for each of their taxable years was due to fraud with the intent to evade payment of tax. [Opinion] Our findings of fact which are amply substantiated by the evidence, dispose of the case. Some comment on the evidence is helpful. Petitioners called no witnesses and presented no affirmative evidence. Respondent *153 called (1) an accountant for the trucking corporation who testified to discrepancies in the books relating to corporate receipts, (2) an employee who testified as to the manner in which Heyer and Faller diverted corporate receipts, which diversion was not recorded in the books, and (3) the revenue agents who worked on the case. Petitioners contend that the evidence adduced fails to sustain either the deficiencies as determined by respondent or the additions to tax for fraud. The contention is also made that petitioners truthfully reported all income for the taxable years. The burden of proving fraud for the years 1944, 1945, and 1946 by clear and convincing evidence is on respondent. We think there is ample evidence of this character in the record. Any other result could only be characterized as naive. With respect to the correctness of the deficiencies determined, the respondent's determination is prima facie correct and the burden is on petitioners to demonstrate error. Petitioners have introduced no affirmative evidence and have in no way carried their burden. Decisions will be entered for the respondent.